**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBIN GILLEN STARR, | No. 18-15883 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00206-KJM-AC |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted April 17, 2019[**]

Before: McKEOWN, BYBEE, and OWENS, Circuit Judges.

Former California state prisoner Robin Gillen Starr appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 civil rights action and

denying his 28 U.S.C. § 2254 habeas corpus petition. We have jurisdiction under

28 U.S.C. §§ 1291, 2253. We review de novo. *Casey v. Moore*, 386 F.3d 896, 904

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2004) (district court's decision to deny a habeas corpus petition); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (district court's dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly denied Starr's habeas corpus petition because none of Starr's allegations support a viable habeas claim. *See Stone v. Powell*, 428 U.S. 465, 481-82 (1976) (federal habeas review of a Fourth Amendment claim is precluded where the state provided appellant "an opportunity for full and fair litigation of [the] claim."); *Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998) (imposition of a fine does not meet the "in custody" requirement for habeas corpus relief); *Belgarde v. Montana*, 123 F.3d 1210, 1215 (9th Cir. 1997) (Double Jeopardy clause does not apply to multiple elements of punishment for the same offense).

The district court properly dismissed Starr's § 1983 claims as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because success on these claims would necessarily demonstrate the invalidity of the duration of his confinement. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement." (citation and internal quotation marks omitted)).

2

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as unsupported by the record Starr's contention that he was denied due process in the district court.

Starr's pending motion (Docket Entry No. 9) is denied.

**AFFIRMED.**